UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KYLE MCDONALD,

Plaintiff,

v.

WILLIAMS-SONOMA, INC.,

Defendant.

**MEMORANDUM AND ORDER**

24-cv-08398 (LDH) (LKE)

LASHANN DEARCY HALL, United States District Judge:

Kyle McDonald ("Plaintiff") brings the instant action against Williams-Sonoma, Inc. ("Defendant") asserting a claim of retaliation in violation of the New York City Human Rights Law § 8-502. Defendant moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint in its entirety.

## BACKGROUND[1]

Defendant's motion is based on the same set of facts that grounded Defendant's motion for summary judgment in *McDonald v. Williams-Sonoma, Inc.*, No. 22-CV-04164, 2024 WL 4188980, (E.D.N.Y. Sept. 13, 2024) (hereinafter "*McDonald I*").[2] In *McDonald I*, a suit before Judge Hector Gonzalez, Plaintiff sued Defendant asserting claims for sexual orientation discrimination, sexual harassment/hostile work environment, quid pro quo sexual harassment,

[1] The following facts are taken from the Complaint and are assumed to be true for the purpose of this memorandum and order, unless otherwise indicated. The Court also takes judicial notice of the parties' previous litigation in *McDonald v. Williams-Sonoma, Inc.*, No. 22-CV-04164, 2024 WL 4188980 (E.D.N.Y. Sept. 13, 2024). *See Hu v. City of New York*, No. 17-CV-2348, 2018 WL 1247381, at *1 n.1 (E.D.N.Y. Mar. 9, 2018) ("When ruling on a motion to dismiss, a district court may consider 'matters of which judicial notice may be taken."), *aff'd in part, vacated in part, remanded*, 927 F.3d 81 (2d Cir. 2019), and *aff'd sub nom. Hsin v. City of New York*, 779 F. App'x 12 (2d Cir. 2019).

[2] The Court assumes the parties' familiarity with the facts in *McDonald I* and offers an abridged version of the facts that are relevant to the Court's analysis.

and retaliation under both Title VII and the NYCHRL. *McDonald v. Williams-Sonoma, Inc.*, No. 22-CV-04164 (HG), 2024 WL 4188980, at *2 (E.D.N.Y. Sept. 13, 2024). On March 3, 2023, Plaintiff filed an Amended Complaint asserting only his Title VII and NYCHRL retaliation claims. *Id.* On January 19, 2024, Defendant filed a motion seeking summary judgment on the[se] remaining claims. *Id.* On September 13, 2024, Judge Gonzalez dismissed Plaintiff's retaliation claim brought under Title VII. *Id.* at *12 (granting summary judgment).

In assessing Plaintiff's claim, Judge Gonzalez applied the three-step, burden-shifting framework as set by the Supreme Court in *McDonnell Douglas*. *Id.* at *5 (citing *Dillon v. Ned Mgmt., Inc.*, 85 F. Supp. 3d 639, 659, 661 (E.D.N.Y. 2015) (referencing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (2010))). Of particular relevance here, at step one, Judge Gonzalez considered whether Plaintiff established a prima facie case of retaliation by showing: (1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action. *Id.* (citing *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010)). Defendant had conceded that Plaintiff was able to establish the first three elements in the *McDonnell Douglas* framework. *Id.* at *6 ("In its summary judgment motion, [Defendant] concedes for purposes of this Motion only that Plaintiff can establish the first three elements of his *prima facie* burden, including that each action constitutes an adverse action." (internal quotations omitted)). Thus, Judge Gonzalez's analysis turned to whether Plaintiff "[could] establish a causal connection between his sexual harassment complaint about [his coworker], and any adverse employment action." *Id.* (citing *Hicks*, 593 F.3d at 164). In weighing the evidence before him, Judge Gonzalez ultimately held that "Plaintiff cannot establish causation through either direct or indirect evidence, [and therefore,] Plaintiff cannot make out a *prima facie* case of

retaliation [under Title VII]." *Id.* at *6-9. Having found no causation, Judge Gonzalez concluded that Defendant's motion for summary judgment must be granted. *Id.* at *9. Judge Gonzalez declined to exercise supplemental jurisdiction over Plaintiff's NYCHRL claim. *Id.* at *13.

On October 11, 2023, Plaintiff sued Defendant in the Supreme Court of the State of New York, Kings County, reasserting its NYCHRL claim. *See Kyle McDonald v. Williams-Sonoma Inc.*, Index No. 853/2024. Subsequently, on December 6, 2024, Defendant requested removal of the case to this District on the basis of diversity jurisdiction. (Defendant's Notice of Removal, ECF No. 1.)

## STANDARD OF REVIEW

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court deciding whether to grant a motion to dismiss must "draw all reasonable inferences in [the plaintiff's] favor, assume all 'well-pleaded factual allegations' to be true, and 'determine whether they plausibly give rise to an entitlement to relief.'" *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quoting *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009)) (internal citation omitted). "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Further, a court is not obligated to accept a plaintiff's "conclusory allegations or legal conclusions masquerading as factual conclusions." *Faber*, 648 F.3d at 104 (quoting *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008)).

**DISCUSSION**

Defendant argues that Judge Gonzalez's findings on causation under Plaintiff's Title VII claim brought in *McDonald I* precludes Plaintiff from reasserting his NYCHRL claim presently before the Court. (Def.'s Mem. of Law in Supp. Mot. to Dismiss ("Def.'s Mem.") at 10, ECF No. 12.) This is because the causation issue is a necessary and indispensable part of each claim. (*Id.*) Thus, Defendant argues collateral estoppel should bar the current litigation.

"Collateral estoppel, or issue preclusion, prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002) (citing *Boguslavsky v. Kaplan*, 159 F.3d 715, 719–20 (2d Cir.1998); and then *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 598 (1948)). "Collateral estoppel applies when: (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Id.* at 288–89 (quoting *Boguslavsky,* 159 F.3d at 720 (internal quotations omitted)).

*First*, it is not in dispute that Plaintiff raises the same issue relating to Defendant's alleged retaliation in *McDonald I*. In *McDonald I*, Plaintiff brought claims for retaliation under Title VII and NYCHRL. Stemming from the same facts, Plaintiff now brings his NYCHRL claim before this Court, which Judge Gonzalez declined to exercise supplemental jurisdiction over. Thus, it is axiomatic that all issues tethered to Plaintiff's NYCHRL claim were previously before Judge Gonzalez in the prior litigation and are now before this Court.

*Second*, for collateral estoppel to bar the current litigation, the issue is required to have been "actually litigated and decided in the previous proceeding." *Marvel*, 310 F.3d at 288. For

an issue to have been actually litigated, "'it must have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding.'" *Evans v. Ottimo*, 469 F.3d 278, 282 (2d Cir. 2006) (quoting *D'Arata v. N.Y. Cent. Mut. Fire Ins. Co*., 76 N.Y.2d 659, 666–67 (1990)). Here, the issues relating to Plaintiff's participation in a protected activity; Defendant's knowledge of the protected activity; the adverse employment action; and the causal connection between the protected activity and the adverse employment action were all raised in the pleadings. *See* generally, *McDonald I.* Defendant conceded in *McDonald I* that Plaintiff was able to establish the first three elements in the *McDonnell Douglas* framework. *McDonald*, 2024 WL 4188980, at *6. Thus, those issues were plainly decided. However, with respect to the causation, the analysis is not as simple. This is because the type of causation required by the statues are not identical. *See Chin v. New York City Dep't of Corr.*, No. 23-CV-5268, 2024 WL 2258033, at *3 (E.D.N.Y. May 17, 2024) ("The type of causation required by the [Title VII and NYCHRL] statutes varies."). On one hand, Title VII requires plaintiff to prove causation under a "but-for" standard. *Id.* at *3 ("Title VII retaliation claims require proof that desire to retaliate was the but-for cause of the challenged employment action." (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352, 133 (2013) (internal quotes omitted)). While, on the other hand, NYCHRL requires plaintiff to demonstrate causation by showing "that retaliatory animus played *some* role in the employer's decision." *Id.* (citing *Cardwell v. Davis Polk & Wardwell LLP*, No. 19-CV-10256, 2021 WL 4434935, at *34 (S.D.N.Y. September 23, 2021) (internal quotes omitted)). Under either statute, plaintiffs can establish causation either "'(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in

similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant.'" *Id.* (quoting *Hicks*, 593 F.3d at 170).

Judge Gonzalez addressed Plaintiff's arguments with respect to Plaintiff's direct evidence of retaliatory animus and additional circumstantial evidence sufficient to support causation. *Id.* at *7 ("Because Plaintiff cites to the wrong legal standard in his brief, using the standard for retaliation actions brought under the Federal Railway Safety Act ('FRSA') rather than pursuant to Title VII, it is not clear to the Court whether Plaintiff considers Pankey's comments to be direct evidence of retaliatory animus or additional circumstantial evidence sufficient to support causation. The Court will address both arguments."). Upon considering Plaintiff's causation arguments, Judge Gonzalez ultimately decided the issue: "[B]ecause Plaintiff cannot establish causation through either direct or indirect evidence, Plaintiff cannot make out a *prima facie* case of retaliation and Defendant's motion for summary judgment must be granted." *Id.* at *9. But, that Judge Gonzalez decided causation on Plaintiff's Title VII claim does not suffice to estop Plaintiff from asserting his NYCHRL claim, given that the causation standards under Title VII differ from those under the NYCHRL. It may be the case that, under NYCHRL's more lenient standard for causation, Plaintiff's direct and indirect evidence is sufficient to prove causal connection between the protected activity and the adverse employment action. Today, we do not know because that issue has not been considered. This alone is enough to deny Defendant's motion.

Still, Defendant presses that the Court should follow the analysis in *Forrester v. Corizon Health, Inc.*, which precluded a plaintiff from litigating a NYCHRL claim because the issue of causation was assessed under the plaintiff's ADA claim brought in a prior litigation. 278 F. Supp. 3d 618, 634 (E.D.N.Y. 2017), *aff'd*, 752 F. App'x 64 (2d Cir. 2018). However, in

*Forrester*, the court concluded that the issue of causation was precluded from re-litigation because, similar to Title VII claims, the ADA demands causation be proven under more stringent "but-for" standard. But, the previous court "nevertheless considered the issue using the more forgiving multiple-motive standard[,]" applicable to NYCHRL claims. *Id.* That is, the plaintiff's ADA claim failed under the lesser causation standard. For this reason, causation under both statutes was necessarily decided. This case, then, supports this Court's conclusion that Plaintiff is not precluded from raising its NYCHRL claim because causation under the more lenient standard has not been decided.[3]

*Third*, in considering whether Plaintiff had a full and fair opportunity to litigate the issue, the Court must consider whether Plaintiff "was fully able to raise the same factual or legal issues as [Plaintiff] asserts here." *LaFleur v. Whitman*, 300 F.3d 256, 274 (2d Cir. 2002). There can be no question that Plaintiff had an opportunity to raise the factual and legal issues in *McDonald I* for his NYCHRL claim that he now asserts in the case at bar. Indeed, Plaintiff opposed Defendant's motion for summary judgment in *McDonald I*, where these exact issues were raised. *McDonald*, 2024 WL 4188980, at *2 ("On January 19, 2024, Defendant filed a motion seeking summary judgment on the remaining claims. . . . Plaintiff filed his opposition on March 11, 2024, . . . . and Defendant filed its reply on March 25, 2024."). However, because Judge Gonzalez declined to exercise supplemental jurisdiction, the issue of causation under NYCHRL's standards were not considered, and thus, it remains ripe for adjudication.

---

[3] Defendant also attempts to argue that, at step three, Judge Gonzalez rejected Plaintiff's arguments that Defendant's reasons were pretextual. (Def.'s Mem. at 12-13.) This argument is of no aid to Defendant's motion. Judge Gonzalez made these determinations under the more stringent causation standard for Title VII claims. Defendant admits that Judge Gozalez "evaluated pretext under the 'but for' standard, which is more demanding than that applicable to Plaintiff's current NYCHRL claim . . . ." (Def.'s Mem. at 13.) Accordingly, for the reasons discussed with respect to causation, the Court does not credit this argument.

*Fourth*, the Court must consider whether the resolution of the issue was necessary to support a valid and final judgment on the merits. "An issue that is 'necessarily decided' must have been both 'actually decided' . . . and 'necessary to support a valid and final judgment on the merits' . . . ." *Beechwood Restorative Care Ctr. v. Leeds*, 436 F.3d 147, 153 (2d Cir. 2006) (citing *Leather v. Eyck*, 180 F.3d 420, 426 (2d Cir. 1999); and then *Wilder v. Thomas*, 854 F.2d 605, 620 (2d Cir.1988)). As discussed *supra*, Judge Gonzalez did not "actually decide" the issue of causation under NYCHRL.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
September 29, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge